UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CEDRONE, LLC d/b/a SHAWSHEEN FIREARMS; JOHN A. DEMALIA, JR., d/b/a DEMALIA FIREARMS AND TRAINING; GUN OWNERS OF AMERICA, INC.; MICHAEL BAROSSO; DORIS V. STEWART; HARDWICK ROD AND GUN CLUB, INC.; TOOLS OF LIBERTY; MAGNUM ENTERPRISES, LLC d/b/a BEAR ARMS; BROPHY'S FINE FIREARMS, INC.; BACHANT ARMAMENTS CORPORATION; OUTERLIMITS, LLC d/b/a OUTERLIMITS PRO SHOP; OVERWATCH OUTPOST; J & J FIREARMS, LLC; ARMOUR SPORTS, INC.,

    *Plaintiffs*,

v.

CHARLES DUANE BAKER, in his capacity as GOVERNOR OF THE COMMONWEALTH OF MASSACHUSETTS; and MAURA T. HEALEY, in her capacity as ATTORNEY GENERAL OF THE COMMONWEALTH OF MASSACHUSETTS,

    *Defendants*.

CIVIL ACTION
NO. 1:20-cv-40041-DPW

## ANSWER

Defendants Charles Duane Baker, in his capacity as Governor of the Commonwealth of Massachusetts, and Maura T. Healey, in her capacity as Attorney General of the Commonwealth of Massachusetts (hereinafter "Defendants"), answer the corresponding paragraphs of the Plaintiffs' Complaint as follows:

## PARTIES

1.    The Defendants admit that Shawsheen Firearms & Gunsmithing is licensed to sell firearms pursuant to G.L. c. 140, § 122, and has a principal place of business at 12 Hadley St.,

North Billerica, MA 01862. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

2. The Defendants admit that Demalia Firearms and Training is licensed to sell firearms pursuant to G.L. c. 140, § 122, and has a principal place of business at 53 Gardner Rd., Hubbardston, MA 01452. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

3. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

4. The Defendants deny that Michael Barosso is presently unable to purchase and possess firearms. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

5. The Defendants deny that Doris V. Stewart is presently unable to purchase and possess firearms. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

6. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

7. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

8. The Defendants admit that Magnum Enterprises LLC is licensed to sell firearms pursuant to G.L. c. 140, § 122. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

9. The Defendants admit that Brophy's Fine Firearms, Inc. is licensed to sell firearms pursuant to G.L. c. 140, § 122, and has a principal place of business at 121 Wood St.,

Middleboro, MA 02346. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

10. The Defendants admit that Bachant Armaments Corporation is licensed to sell firearms pursuant to G.L. c. 140, § 122, and has a principal place of business at 142 Bedford St., Lakeville, MA 02347. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

11. The Defendants admit that OuterLimits, LLC is licensed to sell firearms pursuant to G.L. c. 140, § 122, and has a principal place of business at 148 Centre St., Holbrook, MA 02343. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

12. The Defendants admit that Overwatch Outpost is licensed to sell firearms pursuant to G.L. c. 140, § 122, and has a principal place of business at 97 Main St., Charlemont, MA 01339. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

13. The Defendants admit that J&J Arms, LLC is licensed to sell firearms pursuant to G.L. c. 140, § 122, and has a principal place of business at 224 Bussey St., Dedham, MA 02026. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

14. The Defendants admit that Armour Sports, Inc. is licensed to sell firearms pursuant to G.L. c. 140, § 122, and has a principal place of business at 20 Taunton Green, Taunton, MA 02780. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

15. The Defendants admit the allegations in this paragraph.

16. The Defendants admit the allegations in this paragraph.

## JURISDICTION AND VENUE

17. This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions.

18. This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions. Any facts on which the legal opinions and conclusions purport to be based are denied.

19. This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions.

## FACTUAL BACKGROUND

20. With respect to the first sentence of this paragraph, the Defendants admit that the Governor issued an order on March 23, 2020 that required all non-essential businesses to close temporarily. The Defendants deny the remaining allegations in the first sentence of this paragraph. Answering further, the Defendants deny that the Order of March 23 compelled non-essential businesses to "close until further notice." With respect to the second sentence of this paragraph, the Defendants admit that the March 23 Order was "updated and extended." The Defendants deny the remaining allegations in the second sentence of this paragraph.

21. The Defendants admit that the businesses identified were ordered temporarily closed on March 23, 2020. The Defendants deny that the businesses identified are currently required to be closed.

22. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent a response is required, the Defendants deny the allegations in this paragraph.

23. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent a response is required, the Defendants deny the allegations in this paragraph.

24. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent a response is required, the Defendants deny the allegations in this paragraph.

25. The Defendants deny the allegations in this paragraph as stated. Answering further, the plaintiffs incorrectly allege the title of the memorandum described by omitting the word "Advisory" from the title. The allegations of this paragraph are otherwise admitted.

26. This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead purports to characterize or describe a document, which speaks for itself. To the extent a response is required, the Defendants deny the allegations in this paragraph insofar as they do not characterize the document referenced as an advisory memorandum, but admit that the Advisory Memorandum listed firearms retailers and shooting ranges as essential under the hearing of Law Enforcement, Public Safety, and Other First Responders.

27. The Defendants deny the allegations in this paragraph.

28. The Defendants deny the allegations in this paragraph. Answering further, there was never a time from March 23 until the filing of this lawsuit when it was lawful for licensed firearms retailers to engage in the retail sale of firearms.

29. The Defendants deny the allegations in this paragraph.

30. The Defendants admit the allegations in this paragraph but reserve their right to move to strike it as irrelevant.

31. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent a response is required, the Defendants deny the allegations in this paragraph.

32. The Defendants admit that Demalia, Shawsheen, Bear Arms, Brophy's, Bachant, OuterLimits, Overwatch, J&J, and Armour hold state licenses issued pursuant to G.L. c. 140, § 122, which authorizes these plaintiffs to sell firearms. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that these plaintiffs hold licenses to manufacture firearms or to offer basic handgun safety courses. The Defendants deny that Tools of Liberty and Hardwick hold state licenses to "manufacturer and/or sell firearms and/or basic handgun safety courses." The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations that these plaintiffs hold a Federal Firearms License.

33. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

34. To the extent this paragraph makes factual allegations, the Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations. To the extent this paragraph asserts legal opinions and conclusions, no response is required under Fed. R. Civ. P. 8(b).

35. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent a response is required, the Defendants deny the allegations in this paragraph.

36. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent a response is required, the Defendants deny the allegations in this paragraph.

37. The Defendants deny the allegations in this paragraph.

38. The Defendants deny the allegations in this paragraph.

39. The Defendants deny the allegations in this paragraph.

40. The Defendants deny the allegations in this paragraph.

41. The Defendants deny the allegations in this paragraph.

42. This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions. To the extent a response is required, the Defendants deny the allegations in this paragraph.

43. This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions. To the extent a response is required, the Defendants deny the allegations in this paragraph.

44. This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions. To the extent a response is required, the Defendants deny the allegations in this paragraph.

45. The Defendants deny the allegations in this paragraph.

46. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. The Defendants deny the allegations in this paragraph to the extent they allege that a letter purported sent to the Governor constitutes "notice of unlawful conduct."

47. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. The Defendants deny the allegations in this paragraph to the extent they allege that a letter purported sent to the Governor constitutes "notice of unlawful conduct."

48. The Defendants deny the allegations in this paragraph.

## FACTS RELATED TO INJUNCTIVE RELIEF

49. The Defendants admit that Demalia, Shawsheen, Bear Arms, Brophy's, Bachant, OuterLimits, Overwatch, J&J, and Armour hold state licenses issued pursuant to G.L. c. 140, § 122. The Defendants deny that Tools of Liberty and Hardwick hold licenses issued pursuant to G.L. c. 140, § 122, and lack knowledge or information sufficient to form a belief as to whether Tools of Liberty or Hardwick holds any other license. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

50. The Defendants deny the allegations in this paragraph.

51. The Defendants deny the allegations in this paragraph.

52. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

53. The Defendants deny the allegations in this paragraph.

54. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

55. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

56. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

57. The Defendants deny the allegations in this paragraph.

58. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

59. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

60. The Defendants deny the allegations in this paragraph.

61. This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions. To the extent a response is required, the Defendants deny the allegations in this paragraph.

62. This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions. To the extent a response is required, the Defendants deny the allegations in this paragraph.

63. This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions. To the extent a response is required, the Defendants deny the allegations in this paragraph.

64. This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions. To the extent a response is required, the Defendants deny the allegations in this paragraph.

65. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph. The Defendants deny the allegations in the second sentence of this paragraph.

66. This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions. To the extent a response is required, the Defendants deny the allegations in this paragraph.

67. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph. The Defendants deny the allegations in the second sentence of this paragraph.

## COUNT I

68. The Defendants restate and incorporate by reference their answers to Paragraphs 1 through 67 of Plaintiffs' Complaint as if set forth fully herein.

69. This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions. To the extent a response is required, the Defendants deny the allegations in this paragraph.

70. This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions. To the extent a response is required, the Defendants deny the allegations in this paragraph.

71. This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions. To the extent a response is required, the Defendants deny the allegations in this paragraph.

72. This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions. To the extent a response is required, the Defendants deny the allegations in this paragraph.

**COUNT II**

73. The Defendants restate and incorporate by reference their answers to Paragraphs 1 through 72 of Plaintiffs' Complaint as if set forth fully herein.

74. This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions. To the extent a response is required, the Defendants deny the allegations in this paragraph.

75. This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions. To the extent a response is required, the Defendants deny the allegations in this paragraph.

76. This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions. To the extent a response is required, the Defendants deny the allegations in this paragraph.

77. This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions. To the extent a response is required, the Defendants deny the allegations in this paragraph.

**COUNT III**

78. The Defendants restate and incorporate by reference their answers to Paragraphs 1 through 77 of Plaintiffs' Complaint as if set forth fully herein.

79. This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions or purports to characterize or describe the Second Amendment, which speaks for itself. To the extent a response is required, the Defendants deny the allegations in this paragraph.

80. This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead purports to characterize or describe the referenced Supreme Court decision, which speaks for itself.

81. This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead purports to characterize or describe the Fourteenth Amendment, which speaks for itself.

82. This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead purports to characterize or describe the referenced Supreme Court decision, which speaks for itself.

83. This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead purports to characterize or describe the referenced Supreme Court decision, which speaks for itself.

84. This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead purports to characterize or describe the referenced Supreme Court decision, which speaks for itself.

85. This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions. To the extent a response is required, the Defendants deny the allegations in this paragraph.

86. This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead purports to characterize or describe the referenced decision, which speaks for itself.

87. This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions. To the extent a response is required, the Defendants deny the allegations in this paragraph.

88. This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead purports to characterize or describe the referenced decision, which speaks for itself.

89. This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions. To the extent a response is required, the Defendants deny the allegations in this paragraph.

## COUNT IV [First]

90. The Defendants restate and incorporate by reference their answers to Paragraphs 1 through 89 of Plaintiffs' Complaint as if set forth fully herein.

91. This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions. To the extent a response is required, the Defendants deny the allegations in this paragraph.

92. This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead purports to characterize or describe the referenced decision, which speaks for itself.

93. This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead purports to characterize or describe the referenced decision, which speaks for itself.

94. This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions. To the extent a response is required, the Defendants deny the allegations in this paragraph.

## COUNT IV [Second]

95. The Defendants restate and incorporate by reference their answers to Paragraphs 1 through 94 of Plaintiffs' Complaint as if set forth fully herein.

96. This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead purports to characterize or describe the referenced Supreme Court decision, which speaks for itself.

97. The first sentence of this paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions. To the extent a response is required, the Defendants deny the allegations in the first sentence of this paragraph. The second sentence of this paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead purports to characterize or describe the referenced Supreme Court decision, which speaks for itself.

98. This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead purports to characterize or describe the referenced decision, which speaks for itself.

99. This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead purports to characterize or describe the referenced decision, which speaks for itself.

100. This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions. To the extent a response is required, the Defendants deny the allegations in this paragraph.

101. This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions. To the extent a response is required, the Defendants deny the allegations in this paragraph.

102. This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions. To the extent a response is required, the Defendants deny the allegations in this paragraph.

103. This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions. To the extent a response is required, the Defendants deny the allegations in this paragraph.

## **FURTHER DEFENSES**

### **Second Defense.**

This Court lacks subject matter jurisdiction over the claims alleged. Fed. R. Civ. P. 12(b)(1).

### **Third Defense.**

The Commonwealth's sovereign immunity and Eleventh Amendment immunity bar the plaintiffs from seeking or obtaining relief against the Defendants and, in particular, bar relief that involves the declaration or enforcement of state law against the defendant state official and bar money damages from the Defendants for actions taken in their official capacities.

### Fourth Defense.

To the extent the plaintiffs seek money damages for individual-capacity claims arising out of the transactions and occurrences alleged, those claims and requests for relief are barred by the doctrine of qualified immunity.

### Fifth Defense.

The claims arising out of the subject matter of the transactions and occurrences alleged are barred due to a lack of Article III standing.

### Sixth Defense

Plaintiffs' claims are moot and this Court therefore lacks jurisdiction over the subject matter of this action.

### Seventh Defense.

Plaintiffs have failed to state a claim upon which relief can be granted.

### Eighth Defense

Plaintiffs' claims are barred by the doctrine of unclean hands.

### Ninth Defense.

Plaintiffs have no right under the law to equitable or declaratory relief.

### Additional Defenses.

The Defendants reserve the right to raise any and all defenses that may become apparent or available during the course of the proceedings in this case.

WHEREFORE, the Defendants requests that this Court: (1) dismiss the Complaint with prejudice and enter judgment for the Defendants; and (2) order such other relief as is just and proper.

Respectfully submitted,

MAURA HEALEY
ATTORNEY GENERAL

　*/s/ Julia Kobick*
Julia Kobick (BBO No. 680194)
Assistant Attorney General
Gary Klein (BBO No. 560769)
Special Assistant Attorney General
One Ashburton Place
Government Bureau
Boston, Massachusetts 02108
(617) 963-2559
julia.kobick@mass.gov
gary.klein@mass.gov

Dated: May 21, 2020

## **CERTIFICATE OF SERVICE**

　　　I certify that this document filed through the CM/ECF system will be sent electronically to registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 21, 2020.

　　　　　　　　　　　　　　　　　　　　*/s/ Julia Kobick*
　　　　　　　　　　　　　　　　　　　　Julia Kobick
　　　　　　　　　　　　　　　　　　　　Assistant Attorney General