UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL MCCARTHY, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>CHARLES D. BAKER, in his Official Capacity as Governor of the Commonwealth of Massachusetts, et al.,<br><br>*Defendants*. | CIVIL ACTION<br>NO. 1:20-cv-10701-DPW |
| CEDRONE, LLC d/b/a SHAWSHEEN FIREARMS, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>CHARLES DUANE BAKER, in his capacity as GOVERNOR OF THE COMMONWEALTH OF MASSACHUSETTS, et al.,<br><br>*Defendants*. | CIVIL ACTION<br>NO. 1:20-cv-40041-DPW |

## NOTICE OF FILING OF COVID-19 ORDER NO. 37

Defendants Charles D. Baker, Governor of the Commonwealth of Massachusetts; Monica Bharel, Commissioner of the Department of Public Health; Jamison Gagnon, Commissioner of the Department of Criminal Justice Information Services; and Maura Healey, Attorney General of the Commonwealth of Massachusetts, herewith file COVID-19 Order No. 37 to supplement the record in this matter. In accordance with the Governor's stated plan for the Phase II reopening of the Massachusetts economy, COVID-19 Order No. 37, issued on June 6, 2020, rescinds COVID-19

Order No. 13, effective 12:01am on June 8, 2020. Thus, no Essential Services Order remains extant in Massachusetts. A copy of COVID-19 Order No. 37 is attached as Exhibit A.

Respectfully submitted,

CHARLES BAKER, Governor of the Commonwealth of Massachusetts; MONICA BHAREL, Commissioner of the Department of Public Health; JAMISON GAGNON, Commissioner of the Department of Criminal Justice Information Services; and MAURA HEALEY, Attorney General of the Commonwealth of Massachusetts,

By their attorney,

MAURA HEALEY
ATTORNEY GENERAL

/s/ Julia E. Kobick
Julia E. Kobick (BBO No. 680194)
Assistant Attorney General
Gary Klein (BBO No. 560769)
Special Assistant Attorney General
One Ashburton Place
Boston, Massachusetts 02108
(617) 963-2559
Julia.Kobick@mass.gov
Gary.Klein@state.ma.us

Dated: June 8, 2020

## CERTIFICATE OF SERVICE

I certify that, on June 8, 2020, this document, filed through the Court's ECF system, will be sent electronically to registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ Julia E. Kobick
Julia E. Kobick
Assistant Attorney General

# Exhibit A



OFFICE OF THE GOVERNOR
**COMMONWEALTH OF MASSACHUSETTS**
STATE HOUSE • BOSTON, MA  02133
(617) 725-4000

**CHARLES D. BAKER**
GOVERNOR

**KARYN E. POLITO**
LIEUTENANT GOVERNOR

## ORDER AUTHORIZING THE RE-OPENING OF PHASE II ENTERPRISES

### COVID-19 Order No. 37

**WHEREAS,** on March 10, 2020, I, Charles D. Baker, Governor of the Commonwealth of Massachusetts, acting pursuant to the powers provided by Chapter 639 of the Acts of 1950 and Section 2A of Chapter 17 of the General Laws, declared that there now exists in the Commonwealth of Massachusetts a state of emergency due to the outbreak of the 2019 novel Coronavirus ("COVID-19");

**WHEREAS,** on March 11, 2020, the COVID-19 outbreak was characterized as a pandemic by the World Health Organization;

**WHEREAS,** the Federal Centers for Disease Control and Prevention have advised that COVID-19 is spread mainly by person to person contact and that the best means of slowing the spread of the virus is through practicing social distancing and protecting oneself and others by minimizing in-person contact with others and with environments where this potentially deadly virus may be transmitted including, in particular, spaces that present enhanced risks because of limited ventilation or numbers of persons present or passing through who may spread the virus through respiratory activity or surface contacts;

**WHEREAS,** on March 23, 2020, in order to restrict all non-essential person-to-person contact and non-essential movement outside the home as a means of combatting the spread of COVID-19 within the Commonwealth, I issued COVID-19 Order No. 13, which designated certain COVID-19 Essential Services, as defined in the Order, temporarily closed the brick-and-mortar premises of businesses and organizations that do not provide COVID-19 Essential Services, and prohibited gatherings of more than 10 people;

**WHEREAS,** on March 31, 2020, April 28, 2020, and May 15, 2020, I issued COVID-19 Orders No. 21, 30, and 32, respectively, which extended the period in which COVID-19 Order No. 13 would continue to restrict the operation of businesses and organizations that do not provide COVID-19 Essential Services;

1

PRINTED ON RECYCLED PAPER

**WHEREAS,** recent public health data indicate continued improvement in key areas of measurement as a result of the extraordinary efforts of health care providers in the Commonwealth and the public's unselfish compliance with the restrictions imposed in COVID-19 Order No. 13 and other measures implemented in response to the COVID-19 health crisis;

**WHEREAS,** on May 18, 2020, I issued COVID-19 Order No. 33, which authorized the re-opening of certain brick-and-mortar premises designated as "Phase I" workplaces ("Phase I enterprises"), subject to the requirement that all such workplaces comply with workplace safety rules and standards designed to protect against the risk of the COVID-19 virus and which otherwise further extended the period in which COVID-19 Order No. 13 would continue to restrict the operations of businesses and organizations that do not provide Essential Services or that were not designated as Phase I workplaces;

**WHEREAS,** a sustained trend of improvement in public health data permits a continued, carefully phased relaxation of certain restrictions on businesses and other organizations, provided that any adjustment can only be maintained or expanded on the basis of continuing improvements in the public health data, and at present the Commonwealth remains in the midst of a public health emergency, as demonstrated by reporting from the Department of Public Health on June 5, 2020 that 1,533 persons remain hospitalized in the Commonwealth as a result of COVID-19 and 350 of these patients are receiving treatment in intensive care units;

**WHEREAS,** according to the Centers for Disease Control and Prevention, a precipitous removal of targeted restrictions that have proven effective in combatting the spread of COVID-19 could result in a recurrence of the virus spread, as has been the experience in certain States and countries; and

**WHEREAS,** sections 7, 8, and 8A of Chapter 639 of the Acts of 1950 authorize the Governor, during the effective period of a declared emergency, to exercise any and all authority over persons and property necessary or expedient for meeting a state of emergency, including but not limited to authority over assemblages in order to protect the health and safety of persons, transportation and travel by any means or mode, regulating the sale of articles of food and household articles, variance of the terms and conditions of licenses and permits issued by the Commonwealth or any of its agencies or political subdivisions, and policing, protection, and preservation of public and private property;

**NOW, THEREFORE,** I hereby order the following:

### 1. <u>Opening of Phase II Enterprises Generally</u>

Businesses and other organizations that are Phase II enterprises, as defined below, are permitted to open and operate from their physical workplaces and facilities ("brick-and-mortar premises") according to the progressive, two-step schedule specified in Section 2.  Phase II

enterprises may open those premises to workers, customers, and the public when authorized under the two-step schedule in Section 2 provided they comply with all workplace safety rules and standards issued or maintained pursuant to Section 3 and all other terms of this Order.

Phase II enterprises are businesses or other organizations that are designated as such on the chart attached as Schedule A or businesses and other organizations that meet each of the following conditions:

 a. not previously permitted to open their premises as an Essential Service or Phase I enterprise pursuant to Section 1 of COVID-19 Order No. 33;

 b. not closed by any COVID-19 Order separate from or in addition to COVID-19 Order No. 13;

 c. not excluded or excepted from the terms of this Order in Section 5; and

 d. not designated as a Phase III or Phase IV enterprise on the chart attached as Schedule A.

Businesses and other organizations that are designated as Phase III and Phase IV enterprises on the chart attached as Schedule A must keep their brick-and-mortar premises closed to workers, customers, and the public and may not conduct Phase III and IV activities except as remote means permit. Phase III and IV enterprises shall not re-open their brick-and-mortar premises until specifically authorized to do so by subsequent Order. Phase III and IV enterprises may, however, open their premises to workers to the degree reasonably necessary to perform critical tasks that cannot be conducted remotely, such as ensuring on-going maintenance of the premises, preservation of inventory and equipment, and compliance with legal obligations.

## 2. **Two-Step Progression of Phase II Openings**

Step 1: On June 8, 2020, Phase II enterprises that are not designated as Step 2 enterprises may open their brick-and-mortar premises to workers, customers, and the public.

Restaurants are authorized to provide outdoor table service beginning with the June 8 commencement of Step 1. For the purposes of this Order, the term "restaurant" shall mean an establishment that provides seated food service that is prepared on-site and under a retail food permit issued by a municipal authority pursuant to 105 CMR 590.000.

"Outdoor table service" shall mean service that is provided outside the restaurant building envelope, whether on a sidewalk, patio, deck, lawn, parking area, or other outdoor space. Outdoor table service may be provided under awnings or table umbrellas or other cover from the elements, provided, however, that at least 50 percent of the perimeter of any covered dining space must remain open and unobstructed by any form of siding or barriers at all times.

Step 2: If the public health data reflects continued positive progression, Step 2 will be announced by a subsequent Phase II Order. Effective upon the commencement of Step 2

a. close contact personal services, as defined below, may open their brick-and-mortar premises to workers, customers, and the public; and

b. Restaurants may commence indoor table service.

"Close contact personal services" shall mean any personal service typically delivered through close physical contact with a client including, without limitation, nail care services, massage therapy, personal training services, and tattoo, piercing, and body art services. The Director of Labor Standards shall issue guidance to define such services more completely.

### 3. Sector-Specific Rules and Self-Certification

The Director of Labor Standards and the Commissioner of Public Health shall issue, subject to my approval, COVID-19 workplace safety rules for certain, specific Phase II enterprise sectors ("Sector-Specific Rules") to address the particular circumstances and operational needs of those specific sectors.

The Secretary of the Executive Office of Energy and Environmental Affairs ("EEA"), subject to my approval, shall issue Sector-Specific Rules to implement COVID-19 safety measures for organized youth and adult amateur sports activities and shall continue to issue COVID-19 workplace safety standards for operators of and participants in outdoor recreational activities as provided for in COVID-19 Order No. 34. In issuing such standards, the Secretary may from time to time, following consultation with the Commissioner of the Department of Public Health, adjust the capacity restrictions in Section 3(c) of COVID-19 Order No. 35 and the capacity and other limitations applicable to the recreational activities and facilities specified in Attachment 1 to COVID-19 Order No. 33.

Phase II Sector-Specific Rules shall supplement the generally applicable COVID-19 safety rules applicable to all workplaces in the Commonwealth adopted in COVID-19 Order No. 33. Phase II enterprises shall adopt and comply with all Sector-Specific Rules applicable to their workplaces.

*Newly Opened Premises*: Phase II enterprises that are authorized under the terms of this Order to open their brick-and-mortar premises to workers, customers, and the public shall be required to self-certify that they are in compliance with all generally applicable COVID-19 workplace safety rules and any applicable Sector-Specific rules. Before opening a brick-and-mortar premises under the terms of this Order, a Phase II enterprise not previously authorized to operate as a COVID-19 Essential Service pursuant to COVID-19 Order No. 13 shall be required to implement the following measures:

a. Bring the workplace into full compliance with all generally applicable COVID-19 workplace safety rules and all Sector-Specific Rules that are applicable to the individual workplace

    b.  Complete the required self-certification to verify compliance with all general and any applicable Sector-Specific Rules and make the self-certification available for inspection upon a request by State or Local authorities

    c.  Post on the premises all public notices and advisories that are required to be displayed under the terms of this Order

A Phase II enterprise that has prior to the issuance of this Order been authorized to remain open to workers, customers, and the public as a "COVID-19 Essential Service" shall have until June 15, 2020 to certify its compliance with any COVID-19 workplace safety rule issued pursuant to this Order and with the public notice provisions specified above.

All such businesses and other organizations shall, in any event, immediately undertake best efforts to comply with all generally applicable COVID-19 workplace safety rules applicable to all businesses and other organizations operating within the Commonwealth.

## 4.   Enforcement and Authority

The Department of Labor Standards, in consultation with the Department of Public Health ("DPH"), shall have general authority to promulgate directives, regulations, and guidance to implement and enforce the COVID-19 workplace safety rules authorized under this Order.

DPH shall have specific authority to promulgate directives, regulations, and guidance to implement and enforce the terms of this Order as it applies to businesses, organizations, and workplaces subject to the sanitary code established pursuant to section 127A of chapter 111 of the General Laws and where DPH otherwise has existing regulatory authority.

A municipal board of health or authorized agent pursuant to G. L. c. 111, § 30 shall have concurrent authority with DLS and DPH to enforce the terms of this Order and any directives, regulations, or guidance issued by DLS, DPH, and EEA under the authority of this Order.

This Order is intended to establish a uniform set of COVID-19 workplace safety rules for all businesses and other organizations operating brick-and-mortar premises across the Commonwealth.  No municipal or other local authority should adopt or enforce any workplace health or safety rule to address COVID-19 that is in addition to, stricter than, or otherwise in conflict with any COVID-19 workplace safety rule adopted in this Order or under the implementing directives, regulations, and guidance issued by DLS, DPH, or EEA under the authority granted by this Order.  DLS, DPH, EEA, and each municipal or local authority shall uniformly apply any enforceable COVID-19 workplace safety rule.

Violation of the terms of this Order or any directives, regulations, or guidance issued pursuant to this Order may result in a civil fine of up to $300 per violation, in the manner provided for in G. L. c. 277, § 70C.  This Order may also be enforced by injunction.  A motion for an injunction to enforce this Order or any directives, regulations, or guidance issued on its

authority may be filed in the district court or other any court of competent jurisdiction for the municipality in which the violation has been charged.

In issuing directives, regulations, or guidance under the terms of this Order, (a) the Director of Labor Standards shall act under the authority G. L. c. 149, §§ 6 & 6½; and (b) the Commissioner of Public Health shall act under the authority of G. L. c. 17, § 2A and G. L. c. 111, §§ 6 & 127A, insofar as those statutes are consistent with the provisions of this Order and authority is available thereunder.  In addition, I hereby direct the Commissioner of Public Health to act under the authority of G. L. c. 17, § 2A and G. L. 111, § 6 or any other appropriate authority to supplement the terms of this Order in the event she determines that additional measures are required to ensure that the terms of this Order are observed.  The Director of Labor Standards and the Commissioner of Public Health may issue regulations implementing the terms of this Order pursuant to the processes generally provided in G. L. c. 30A, §§ 2-6.

If any provision of this Order or the application thereof to any person or entity or circumstance is determined to be invalid by a court of competent jurisdiction, such judgment shall not affect or impair the validity of the other provisions of this Order or its application to other persons, entities, and circumstances.

5. **Exceptions**

This Order shall have no application to any of the following businesses, organizations, workplaces, or facilities:

a. Any municipal legislative body, the General Court, or the Judiciary
b. Federal governmental entities
c. Any health care facility or licensed health care provider
d. Any of the following workplaces or facilities with specialized functions and populations, provided that DPH shall in each case consult with the responsible authority and provide COVID-19 health and safety guidance as needed:

- Public and private elementary and secondary (K-12) schools
- Residential and day schools for special needs students
- Licensed, approved, or exempt child care programs and any emergency child care centers and emergency residential programs operating under emergency authorization
- Facilities operated by the Department of Correction or any Sheriff
- Facilities operated, contracted, or licensed by the Department of Youth Services, Department of Mental Health, Department of Public Health, or the Department of Developmental Services
- Facilities that provide safe spaces for the unstably housed such as homeless and domestic violence shelters

- and any other facilities or workplaces that the Commissioner of Public Health may in writing exempt from the terms of this Order

COVID-19 Order No. 13 is rescinded effective at 12:01 am on June 8, 2020.

This Order is effective immediately and shall remain in effect until rescinded or until the state of emergency is ended, whichever occurs first.

Given in Boston at 12:45 PM this 6 th day of June, two thousand and twenty

CHARLES D. BAKER
GOVERNOR
Commonwealth of Massachusetts

7

Schedule A to COVID-19 Order No. 37

|  | All Phase I, II, III, and IV enterprises are required to comply with general and, where applicable, sector-specific COVID-19 workplace safety rules administered by DPL, DPH, and local boards of health.  Workplace safety rules include a variety of mandatory context-specific COVID-19 safety measures such as occupancy limitations, operational modifications, social distancing rules, and specialized cleaning requirements. |
|---|---|
| Phase I | As specified in COVID-19 Order No. 33:<br><br>• Businesses and other organizations providing products and services identified as "COVID-19 Essential Services" in COVID-19 Order No. 13<br>• Manufacturing<br>• Construction<br>• Places of Worship<br>• Firearms retailers and shooting ranges<br>• General Use Offices<br>• Car Washes<br>• Hair Salons and Barber Shops<br>• Pet Groomers<br>• Drive-In Move Theaters<br>• Laboratories<br>• Certain Outdoor Recreational Facilities and Activities as specified in Exhibit 1 to COVID-19 Order No. 33 |
| Phase II | • Retail Stores including stores in enclosed shopping malls<br>• Restaurants providing seated food service prepared on-site and under retail food permits issued by municipal authorities pursuant to 105 CMR 590.000, including beer gardens/wineries/distilleries meeting these criteria<br>  ○ Step 1:  outdoor table service<br>  ○ Step 2:  indoor table service<br>• Hotels, motels, inns, and other short-term lodgings (no events, functions, or meetings)<br>• Limited organized youth and adult amateur sports activities and programs—no contact and no games or scrimmages, and indoor facilities limited to youth programs<br>• Professional sports practice and training programs--no inter-team games and no admission for the public<br>• Personal Services provided at a fixed place of business or at a client location<br>  ○ Step 1:  Services involving no close personal contact (photography, window washers, individual tutoring, home cleaning, etc.)<br>  ○ Step 2:  Services involving close personal contact (massage, nail salons, personal training for individuals or no more than 2 persons from same household, etc.)<br>• Non-athletic instructional classes in arts/education/life skills for youths under 18 years of age in groups of fewer than 10<br>• Driving schools and flight schools<br>• Outdoor historical spaces—no functions or gatherings and no guided tours<br>• Funeral homes—increased capacity to permit 40% occupancy for one service at a time within the facility<br>• Warehouses and distribution centers<br>• Golf facilities including outdoor driving ranges<br>• Other outdoor recreational facilities<br>  ○ pools, playgrounds and spray decks<br>  ○ mini golf, go karts, batting cages, climbing walls, ropes courses<br>• Post-Secondary/Higher Ed/Vocational-Tech/Trade/Occupational Schools |

| | |
|---|---|
| | <ul><li>for the limited purposes of permitting students to complete a degree, program, or prerequisite for employment, or other similar requirement for completion, for summer youth programming including athletic facilities, and any necessary supporting services</li></ul><ul><li>Day Camps including sports and arts camps</li><li>Public libraries</li></ul> |
| Phase III | <ul><li>Post-Secondary/Higher Ed/Vocational-Tech/Trade/Occupational Schools—general operations</li><li>Casino gaming floors</li><li>Horse racing tracks and simulcast facilities (no spectators)</li><li>Indoor recreational and athletic facilities for general use (not limited to youth programs)</li><li>Fitness centers and health clubs including<ul><li>cardio/weight rooms/locker rooms/inside facilities</li><li>fitness studios (yoga, barre, cross-fit, spin classes, general fitness studios)</li><li>indoor common areas</li><li>indoor swimming pools</li><li>indoor racquet courts and gymnasiums</li><li>locker rooms/shower rooms</li><li>excluding saunas, hot-tubs, steam rooms</li></ul></li><li>Museums</li><li>Indoor historic spaces/sites</li><li>Aquariums</li><li>Outdoor theatres and performance venues of moderate capacity</li><li>Indoor theatres, concert halls, and other performance venues of moderate capacity</li><li>Sightseeing and other organized tours (bus tours, duck tours, harbor cruises, whale watching)</li><li>Motion picture, television, and video streaming production, except for activities specifically permitted in Phases I and II</li><li>Fishing and hunting tournaments and other amateur or professional derbies</li><li>Weddings/events/gatherings in parks, reservations, and open spaces with allowance for moderate capacity</li><li>Overnight camps</li><li>Indoor non-athletic instructional classes in arts/education/life skills for persons 18 years or older</li><li>Indoor recreational businesses: batting cages, driving ranges, go karts, bowling alleys, arcades, laser tag, roller skating rinks, trampolines, rock-climbing</li></ul>This listing is subject to amendment. |
| Phase IV | <ul><li>Amusement parks, theme parks, indoor or outdoor water parks</li><li>Saunas, hot-tubs, steam rooms at fitness centers, health clubs, and other facilities</li><li>Bars, dance clubs, and nightclubs—venues offering entertainment, beverages, or dancing and not providing seated food service prepared on-site and under retail food permits issued by municipal authorities pursuant to 105 CMR 590.000</li><li>Beer gardens/breweries/wineries/distilleries not providing seated food service prepared on-site and under retail food permits issued by municipal authorities pursuant to 105 CMR 590.000</li><li>Large capacity venues used for group or spectator sports, entertainment, business, and cultural events including<ul><li>Theaters and concert halls</li><li>Ballrooms</li><li>Stadiums, arenas, and ballparks</li><li>Dance floors</li><li>Exhibition and convention halls</li></ul></li></ul> |

| | |
|---|---|
| | • Private party rooms<br>• Street festivals and parades and agricultural festivals<br>• Road races and other large, outdoor organized amateur or professional group athletic events<br><br>This listing is subject to amendment. |