UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CEDRONE, LLC d/b/a SHAWSHEEN FIREARMS, et al., *Plaintiffs*, v. CHARLES DUANE BAKER, in his capacity as GOVERNOR OF THE COMMONWEALTH OF MASSACHUSETTS, et al., *Defendants*. | CIVIL ACTION NO. 1:20-cv-40041-DPW |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56, defendants Charles D. Baker, Governor of the Commonwealth of Massachusetts, and Maura Healey, Attorney General of the Commonwealth of Massachusetts, move for summary judgment on all claims asserted in the plaintiffs' Complaint.

The Complaint in this case asserts as-applied challenges to three temporary orders issued by Governor Baker last spring to prevent the spread of COVID-19, the disease caused by the novel coronavirus that has infected more than 140,000 Massachusetts residents, killed more than 9,500 Massachusetts residents, and caused a global pandemic. The three orders— COVID-19 Order Nos. 13, 21, and 30—temporarily prohibited non-essential businesses and organizations, including gun retailers and shooting ranges, from opening to the public during the most acute phase of the crisis in Massachusetts. All three orders expired on their own terms on May 18, 2020, and for five months, under the current orders in effect, gun retailers and shooting ranges have been able to be open to the public in Massachusetts, subject to generally applicable social distancing and related safety measures. There is, accordingly, no longer a live dispute between the parties in this case, and judgment should enter in favor of the defendants because all of the plaintiffs' claims are moot.

In addition, the state-law claim asserted by the plaintiffs, which alleges a violation of Article XVII of the Massachusetts Declaration of Rights, is barred by the Eleventh Amendment to the United States Constitution. The claims for compensatory and punitive damages asserted by the plaintiffs against the Governor and Attorney General in their official capacities are also barred by the Eleventh Amendment. To the extent the Complaint seeks damages against the defendants in their individual capacities, those claims are barred by the doctrine of qualified immunity.

If this Court were to consider the merits of the plaintiffs' claims, the defendants are entitled to judgment on the claim challenging COVID-19 Order Nos. 13, 21, and 30 as inconsistent with the Second Amendment. Emergency measures to forestall epidemics are afforded broad deference, but even without application of deference, the challenged orders readily survive scrutiny under the settled framework for review of Second Amendment claims. Gun retailers and shooting ranges were closed in Massachusetts for less than two months, and during that time some ammunition stores remained open and the plaintiffs could have purchased firearms in private transactions, had they wished to do so. Moreover, the challenged COVID-19 Orders were substantially related to the government's compelling objective of curbing the spread of COVID-19. Courts nationwide have upheld against Second Amendment challenges orders closing gun stores and shooting ranges in order to prevent the spread of COVID-19. The short-term restriction on the plaintiffs' ability to purchase guns in their preferred way or access shooting ranges does not come close to an unconstitutional infringement on Second Amendment rights.

The defendants are also entitled to judgment on the claim challenging COVID-19 Order Nos. 13, 21, and 30 as inconsistent with the procedural protections of the Due Process Clause of the Fourteenth Amendment. That claim fails as a matter of law for at least three reasons: (1) the dealer plaintiffs have not identified any protected property interest affected by the orders, but even

if such a property interest existed, the orders did not *deprive* any gun dealer of that interest because no gun dealers' license was revoked by the orders; (2) no individualized process is due when governmental conduct, like the challenged orders, is legislative rather than adjudicative in nature; and (3) the Supreme Court has previously held that the Due Process Clause does not entitle individuals to notice and an opportunity to be heard before the government may act to stem a large-scale public health crisis like the COVID-19 pandemic.

In support of this motion, the defendants rely upon their Memorandum of Law, filed contemporaneously with this motion.

### REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), the defendants request a hearing on this motion, on the ground that oral argument is likely to be of assistance to the Court.

> Respectfully submitted,
>
> CHARLES BAKER, Governor of the Commonwealth of Massachusetts, and MAURA HEALEY, Attorney General of the Commonwealth of Massachusetts,
>
> By their attorney,
>
> MAURA HEALEY
> ATTORNEY GENERAL
>
> /s/ Julia E. Kobick
> Julia E. Kobick (BBO No. 680194)
> Assistant Attorney General
> Gary Klein (BBO No. 560769)
> Special Assistant Attorney General
> One Ashburton Place
> Boston, Massachusetts 02108
> (617) 963-2559
> Julia.Kobick@mass.gov
> Gary.Klein@mass.gov

Dated: October 19, 2020

**CERTIFICATE OF SERVICE**

I certify that, on October 19, 2020, this document, filed through the Court's ECF system, will be sent electronically to registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ Julia E. Kobick
Julia E. Kobick
Assistant Attorney General

**CERTIFICATE PURSUANT TO LOCAL RULE 7.1(a)(2)**

I certify that, on multiple occasions, I attempted to confer with counsel for the plaintiffs in order to attempt in good faith to reach agreement on this motion, but I did not receive a response from counsel for the plaintiffs.

/s/ Gary Klein
Gary Klein
Special Assistant Attorney General