UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Cedrone LLC d/b/a Shawsheen Firearms, )
et al.,                                )
    Plaintiffs                         )
                                       )
v.                                     )    Civil Action No. 1:20-cv-40041-DPW
                                       )
Charles Duane Baker, in his Capacity as )
Governor of the Commonwealth of        )
Massachusetts, et al.,                 )
    Defendants                         )

## PLAINTIFFS' SUPPLEMENTAL BRIEF

At the hearing held via videoconference on December 17, 2020, the Court requested that Plaintiffs (in both the Cedrone and McCarthy cases) provide supplemental briefing on the issue of organizational/associational standing. The Cedrone Plaintiffs hereby submit the following brief demonstrating that Plaintiff, Gun Owners of America, has associational standing to litigate this case on behalf of its members and supporters.

### I.  Standing

To show standing, "[a] plaintiff must demonstrate (1) an injury in fact which is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical,' (2) that the injury is 'fairly traceable to the challenged action,' and (3) that it is 'likely . . . that the injury will be redressed by a favorable decision.'" Massachusetts v. United States Dep't of Health & Human Servs., 923 F.3d 209, 221-22 (1st Cir. 2019) (quoting Lujan v. Defs. of Wildlife, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)). Plaintiffs may plausibly allege standing regardless of "how many persons have been injured by the challenged action" if they plausibly allege that their individual rights have been or will be infringed in some "concrete and personal way." Massachusetts v. E.P.A., 549 U.S. at 517 (quoting Lujan, 504 U.S. at 581 (Kennedy, J.,

concurring)). Equal Means Equal v. Ferriero, 2020 U.S. Dist. LEXIS 140027, *16-17. At bottom, 'the gist of the question of standing' is whether petitioners have 'such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination.'" Massachusetts v. E.P.A., 549 U.S. 497, 517, 127 S. Ct. 1438, 167 L. Ed. 2d 248 (2007) (quoting Baker v. Carr, 369 U.S. 186, 204, 82 S. Ct. 691, 7 L. Ed. 2d 663 (1962)). Accordingly, Article III jurisdiction requires that the "party bringing suit must show that the action injures him in a concrete and personal way." Lujan, 504 U.S. at 581 (Kennedy, J., concurring). Equal Means Equal v. Ferriero, 2020 U.S. Dist. LEXIS 140027, *15-16.

Moreover, "[i]t is well-established that an organization can sue to obtain compensation for injuries it sustains," so long as these same requirements are met. Sexual Minorities Uganda v. Lively, 960 F. Supp. 2d 304, 324 (D. Mass. 2013); see Havens Realty Corp. v. Coleman, 455 U.S. 363, 379-80, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982). Organizational plaintiffs may demonstrate standing by: (1) showing associational standing i.e., that the member of the organization would have standing to sue as an individual and the interests the organization seeks to protect are germane to its purposes; or (2) by showing that the organizational plaintiffs have standing to sue on their own. See Equal Means Equal et al., 2020 U.S. Dist. LEXIS 46810, 2020 WL 1284149, at 3.

"In either instance, the organization must demonstrate more than a 'mere interest in a problem.' Sierra Club, 405 U.S. at 739 (internal quotations omitted). As such, they must make the same showing as is required in the case of an individual: injury, causation and redressability. Havens Realty Corp. v. Coleman, 455 U.S. 363, 378-79, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982) (explaining that the court 'conduct[s] the [same inquiry as in the case of an

individual' to assess organizational standing)." Equal Means Equal v. Ferriero, 2020 U.S. Dist. LEXIS 140027, *1.

## II. Gun Owners of America Has Associational Standing.

"[A]n association may have standing solely as the representative of its members even in the absence of injury to itself, in certain circumstances." Camel Hair & Cashmere Inst. Of Am., Inc. v. Associated Dry Goods Corp., 799 F.2d 6, 10 (1st Cir. 1986) (citing Warth, 422 U.S. at 511). To meet the Constitution's standing requirement the association must demonstrate that (1) its members have an injury "that would make out a justiciable case had the members themselves brought suit," Warth, 422 U.S. at 511, and (2) the "interests served by the suit are pertinent to the mission of the organization . . . ." Town of Norwood v. F.E.R.C., 202 F.3d 392, 406 (1st Cir. 2000). Moreover, associational standing is appropriate (3) "so long as the nature of the claim and of the relief sought does not make the individual participation of each injured party indispensable to proper resolution of the cause." *Warth* at 511. Those prerequisites are met here.

Clearly, the constitutional rights sought to be protected in this case are pertinent to (indeed, they are at the core of) Gun Owners of America ("GOA") mission. GOA exists "to preserve and defend the Second Amendment rights of gun owners." Compl. ¶ 3. In order to engage in the protected activities of "keeping" and "bearing" firearms, weapons first must be acquired. It is beyond serious debate that the Second Amendment thus protects the corresponding right to purchase firearms, ammunition, and related accessories just as the freedoms of speech and press protect the right to purchase books, paper, and ink. And it wouldn't mean much if there was a right to purchase a firearm, but no right to sell one. Multiple courts have held as much, such as the Seventh Circuit which opined that "[t]he right to possess firearms for protection implies a corresponding right to acquire and maintain proficiency in their use; the core right wouldn't mean

much without the training and practice that make it effective. Several passages in *Heller* support this understanding." Ezell v. City of Chicago, 651 F.3d 684, 704 (7th Cir. 2011); *see also* Lynchburg Range & Training, LLC v. Northam, 2020 Va. Cir. LEXIS 57 at *7. *See also* Jackson v. City & County of San Francisco, 746 F.3d 953, 967 (9th Cir. 2014) ("'the right to possess firearms for protection implies a corresponding right' to obtain the bullets necessary to use them.") (emphasis added). Thus, the Second Amendment rights of GOA's members and supporters include the right to purchase arms, ammunition and related accessories, the right to sell the same[1], and the right to visit shooting ranges to acquire and maintain proficiency in the use of arms. Protection of these rights is at the core of GOA's mission, and GOA routinely litigates across the country on behalf of its members and supporters in furtherance of that mission.

In this case, GOA is representing the interests of tens of thousands of its members and supporters who are Massachusetts residents, many of whom have been harmed by the Governor's shutdown orders challenged here. GOA's members and supporters suffered injury when Governor Baker arbitrarily ordered that gun stores and shooting ranges were non-essential businesses and were to remain closed under COVID-19 orders. GOA's members and supporters, including both individual and business plaintiffs named in this case, have been deprived of their Second Amendment rights to be able to both sell and purchase firearms, ammunition, and accessories from gun stores, along with right to visit shooting ranges under the Governor's COVID-19 orders.

Associational standing requires that the organization "at the very least, 'identify [a] member[] who ha[s] suffered the requisite harm.'" Draper v. Healey, 827 F.3d 1, 3 (1st Cir. 2016) (quoting Summers v. Earth Island Inst., 555 U.S. 488, 499, 129 S. Ct. 1142, 173 L. Ed. 2d 1 (2009)) (alteration in original). Id. In Brady Campaign to Prevent Gun Violence v. Salazar, 612

---

[1] Cf. Teixeira v. Cty. Of Alameda, 873 F.3d 680, 682 (9th Cir. 2017).

F. Supp. 2d 1, 29 (D.D.C. 2009), the D.C. district court held that the Brady Campaign had standing to bring a lawsuit on behalf of its members because it "submitted a declaration from the President of the organization ... [and] submitted declarations from several of its members describing the effect that the [rule] would have on them." Associational Standing can be met when a single named plaintiff was a member of the associational plaintiff's organization. *Ogden*, 253 F.3d at 1230 (citing [*14] *Warth,* 422 U.S. at 511). Colo. Cross-Disability Coalition v. Abercrombie & Fitch Co., 2011 U.S. Dist. LEXIS 58799, 13-14.

As alleged in the declaration accompanying the filing of this brief, Plaintiff Vincent Cedrone, the owner of Cedrone, LLC d/b/a Shawsheen Firearms, is a member of GOA and experienced the closure of his firearms retail business during the Governor's shutdown orders. Plaintiff Cedrone experienced not only a loss of sales, but also lost goodwill with existing customers, the ability to obtain gain the business of new gun owners (of which there were estimated to be five million in 2020 alone),[2] and the irreparable harm of not being permitted to engage in constitutionally protected commerce related to firearms, ammunition, and related accessories. *See* Exhibit "A."

Likewise, Plaintiff Michael Barosso is a member of GOA. During the challenged shutdown orders, Plaintiff Barosso was unable to purchase firearms, ammunition, and accessories from the gun store of his choice, at the time of his choosing, as protected by the Second Amendment. Regardless of any prior ownership of firearms,[3] this violated Plaintiff Barosso's Second Amendment rights to keep and bear arms, not only for self-defense but other any other

---

[2] htttps://www.nssf.org/first-time-gun-buyers-grow-to-nearly-5-million-in-2020/

[3] Contrary to the government's argument to this Court (ECF #61, p. 11), a person has a Second Amendment right to acquire additional arms even if he already owns one or more firearms. To find otherwise would be akin to concluding the government can ban a person from purchasing a certain book, because he already has a library full of other books.

lawful purpose. Moreover, without the ability to visit a shooting range to maintain proficiency with existing firearms, or to acquire and develop proficiency with those new firearms during the period of the Governor's shutdown order, Plaintiff Barosso was irreparably harmed in his ability to "bear arms." *See* Exhibit "B".

As demonstrated by the declaration of Erich Pratt, GOA's Senior Vice President, GOA's participation in this case furthers the mission of GOA, and also protects the constitutional interests not only of Plaintiffs Cedrone and Barosso, but also of countless gun owners, gun stores, and shooting ranges across Massachusetts who are similarly situated. Each of these affected persons and businesses could have brought this challenge in their individual capacity, but rely at times on organizations like GOA to advocate for their rights on their behalf. Participation of additional GOA members as individual and business plaintiffs is not necessary to resolution of this case, as GOA fully and faithfully represents those interests through its associational standing. *See* Exhibit "C".

GOA's members and supporters, including tens of thousands of Massachusetts residents, both individually and as a group have suffered the injury for which GOA and the other Plaintiffs seek redress, and could have asserted these claims against Governor Baker independently. The injuries suffered, the deprivation of the Second Amendment rights to keep and bear arms, were directly caused by Governor Baker's arbitrary order to keep gun stores and shooting ranges closed through the pandemic. As such, the only course of redress is through adjudication in a legal setting. Furthermore, the right to be able to purchase and bear arms, and to train with the same, is central to GOA's purpose. GOA not only has a significant interest in the outcome of this case, but also has associational standing to litigate on behalf of its members and supporters.

Finally, in the absence of permitting organizations like GOA to exercise associational standing, in order to represent the interests of its members and supporters, the courts potentially could be burdened and clogged with numerous individual suits, including by *pro se* plaintiffs, which would be harmful to principles of judicial economy.

## Conclusion

Based on the foregoing reasons, this Court should find that Gun Owners of America has associational standing to proceed in this matter on behalf of its members and supporters.

                                              Respectfully submitted,
                                              The Plaintiffs,
                                              By their attorney,

                                              */s/ Andrew J. Couture*
                                              Andrew J. Couture, Esq. BBO # 671193
                                              Law Office of Andrew J. Couture
                                              77 Merriam Avenue
                                              Leominster, MA 01453
                                              Tel: (978) 502-0221

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Cedrone LLC d/b/a Shawsheen Firearms, et al., <br>     Plaintiffs <br><br> v. <br><br> Charles Duane Baker, in his Capacity as Governor of the Commonwealth of Massachusetts, et al., <br>     Defendants | Civil Action No. 1:20-cv-40041-DPW |

### Declaration of Vincent Cedrone

1. My name is Vincent Cedrone. I am a U.S. citizen and resident of Massachusetts. I make this declaration in support of Plaintiffs' Supplemental Brief. Unless otherwise stated, I make this declaration based on personal knowledge. If called as a witness, I can testify to the truth of the statements contained therein.

2. I am a member of Gun Owners of America, Inc., and am the owner of Cedrone, LLC d/b/a Shawsheen Firearms located in Massachusetts, both plaintiffs in this matter. I support the mission of GOA to preserve, protect, and defend the constitutional rights of gun owners, and rely on GOA to keep me informed about Second Amendment issues, to alert me to opportunities to lobby against infringements of my rights, and to protect my constitutional rights against infringements both at the state and federal level.

3. Cedrone, LLC is a federally licensed firearms dealer that sells firearms, ammunition and firearms accessories.

1

customers, along with the opportunity to serve new customers, as I could no longer serve their Second Amendment needs.

5. Had we been allowed to remain open, we would have followed all instructions related to social distancing, occupancy limits and other COVID-19 guidelines for allowing businesses to remain open and viable. However, because we were not deemed "essential" by the Governor, we were never given the opportunity to do so.

6. As a part of the Governor's COVID-19 orders, I and my business were irreparably harmed because we were not allowed to participate in constitutionally protected commerce related to firearms, ammunition, and related accessories, despite other retail stores being deemed "essential" and allowed to remain open and provide non-constitutionally protected products to their customers.

I, Vincent Cedrone, declare under penalty of perjury that the foregoing is true and correct. Executed on January 6, 2021.

Vincent Cedrone

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Cedrone LLC d/b/a Shawsheen Firearms, )
et al., )
    Plaintiffs )
)
v. )   Civil Action No. 1:20-cv-40041-DPW
)
Charles Duane Baker, in his Capacity as )
Governor of the Commonwealth of )
Massachusetts, et al.. )
    Defendants )

**Declaration of Michael Barosso**

1. My name is Michael Barosso. I am a U.S. citizen and resident of Massachusetts. I am a plaintiff in this matter. I make this declaration in support of Plaintiffs' Supplemental Brief. Unless otherwise stated, I make this declaration based on personal knowledge. If called as a witness, I can testify to the truth of the statements contained therein.

2. I am a member of Gun Owners of America, Inc., I am a licensed firearm owner within Massachusetts, and I maintain a federal Curio & Relic licensee. I support the mission of GOA to preserve, protect, and defend the constitutional rights of gun owners, and rely on GOA to keep me informed about Second Amendment issues, to alert me to opportunities to lobby against infringements of my rights, and to protect my constitutional rights against infringements both at the state and federal level.

3. I am a law-abiding gun owner, and have no disqualification that would prevent me from possessing firearms. I maintain a firearms collection not only for my personal enjoyment, but also for self-protection, including within the home. I also enjoy the shooting sports and at

1

times visit gun ranges to practice my skills with firearms, including for self-defense. As a holder of a federal Curio & Relic license, I often frequent the businesses of Massachusetts federally licensed firearms dealers, in order to engage in commerce in firearms, ammunition, and accessories, to add to my personal collection, and to engage in speech and association with respect to Second Amendment rights. Each of these activities is constitutionally protected.

4. During the Governor's COVID-19 order challenged in this case, I was unable to engage in these constitutionally protected activities, causing me irreparable harm.

I, Michael Barosso, declare under penalty of perjury that the foregoing is true and correct. Executed on January 6, 2021.

*/s/ Michael Barosso*

Michael Barosso

EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Cedrone LLC d/b/a Shawsheen Firearms, et al., <br>     Plaintiffs <br><br> v. <br><br> Charles Duane Baker, in his Capacity as Governor of the Commonwealth of Massachusetts, et al., <br>     Defendants | Civil Action No. 1:20-cv-40041-DPW |

### Declaration of Erich M. Pratt

1. My name is Erich M. Pratt. I am a U.S. citizen and resident of Virginia. I make this declaration in support of Plaintiffs' Supplemental Brief. Unless otherwise stated, I make this declaration based on personal knowledge. If called as a witness, I can testify to the truth of the statements contained therein.

2. I am the Senior Vice President of Gun Owners of America, Inc. ("GOA"), a plaintiff in this matter. GOA has more than 2,000,000 members and supporters nationwide, including tens of thousands who are Massachusetts residents, many of whom have been irreparably harmed by the Governor's challenged actions shuttering gun stores and shooting ranges.

3. GOA exists to preserve and defend the Second Amendment rights of gun owners. GOA routinely litigates cases across the country in furtherance of its mission, on behalf of its members and supporters in various states.

4. Many of GOA's members and supporters are law-abiding residents of Massachusetts, within this district, and who have no disqualification which would prevent them from purchasing, possessing, or using firearms. Many of GOA's members and supporters routinely do

and wish to continue to visit Massachusetts' federal firearms dealers to purchase firearms, ammunition, and accessories, and also visit Massachusetts' shooting ranges to acquire and maintain proficiency in the use of arms.

5. GOA's members and supporters within Massachusetts have been irreparably harmed, in that their Second Amendment rights to keep and bear arms were violated by the Governor's shutdown orders, which shuttered gun stores and shooting ranges.

6. Because the Governor's COVID-19 orders affect a multitude of GOA members and supporters, GOA can and does fully and faithfully represent the interests of these persons and businesses without the necessity to include each individual member or supporter as plaintiffs in this litigation.

I, Erich M. Pratt, declare under penalty of perjury that the foregoing is true and correct. Executed on January 6, 2021.

_____
Erich M. Pratt